1

2

3

4

5

6

7

8        **IN THE UNITED STATES DISTRICT COURT**

9        **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   RICHARD LONDON,                    No. CIV S-07-1489-LKK-CMK-P

12              Petitioner,

13        vs.                            <u>ORDER</u>

14   R.J. SUBIA, et al.,

15              Respondents.

16   _____/

17              Petitioner, a state prisoner proceeding pro se, brought this petition for a writ of

18   habeas corpus pursuant to 28 U.S.C. § 2254 challenging the denial of parole in 2006.  Pending

19   before the court is respondents' motion for reconsideration and/or for a stay pending appeal

20   (Doc. 20).

21              A motion for reconsideration of a final judgment is appropriately brought, as

22   respondents do here, under Federal Rule of Civil Procedure 59(e).  <u>See</u> <u>Backlund v. Barnhart</u>,

23   778 F.2d 1386, 1388 (9th Cir. 1985) (discussing reconsideration of summary judgment); <u>see also</u>

24   <u>Schroeder v. McDonald</u>, 55 F.3d 454, 458-59 (9th Cir. 1995).  The motion must be filed no later

25   than ten days after entry of the judgment.  <u>See</u> Fed. R. Civ. P. 59(e).  Under Rule 59(e), three

26   grounds may justify reconsideration: (1) an intervening change in controlling law; (2) the

1

1  availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice.

2  See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F. Supp. 656, 665 (E.D. Cal. 1986),

3  rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987), cert. denied, 486 U.S. 1015 (1988);

4  see also 389 Orange Street Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999); accord School

5  Dist. No. 1J v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).

6          In this case, the court concluded that the denial of parole in June 2006 was not

7  based on "some evidence" and, therefore, denied petitioner's right to due process.  The court

8  directed that respondents release petitioner unless petitioner is provided a new parole suitability

9  hearing within 45 days of service of the court's order.  Final judgment was entered on November

10  1, 2010, and both the judgment and order were served on that date.  In their motion for

11  reconsideration, respondents argue, among other things, that the court should reconsider its order

12  because petitioner is not entitled to release even assuming a favorable determination at a new

13  parole suitability hearing.  Specifically, respondents note that petitioner was convicted in 1997 of

14  an in-prison offense and sentenced to an additional one year and four months in prison, to be

15  served consecutively to his underlying indeterminate life sentence.  Under California law, a

16  consecutive term for an in-prison offense "shall commence from the time the person would

17  otherwise have been released from prison." Cal. Penal Code § 1170.1(c).  Respondents

18  conclude: "Because the conclusion of London's life term does not entitle him to immediate

19  release, Respondent requests reconsideration of the Court's order directing the Warden to release

20  London if the Board does not conduct a new parole hearing.

21          The court does not agree that reconsideration is warranted.  California parole law

22  requires an inmate's release upon serving the minimum term unless there is some evidence of the

23  inmates current dangerousness.  In this case, the court concluded that the denial of parole in June

24  2006 violated petitioner's right to due process because there was no evidence of the petitioner's

25  dangerousness at that time.  Had the parole issue been properly decided in 2006, petitioner would

26  have been entitled to release from prison on the underlying indeterminate life sentence.  The

1    added consecutive determinate sentence for the in-prison conviction would have began to run in

2    June 2006 and petitioner would have been released in October 2007.   Thus, despite the 1997

3    conviction, petitioner would already have long since been release had his due process rights not

4    been violated in 2006.  For this reason, the court continues to be of the opinion that petitioner's

5    release is warranted unless a new parole suitability hearing is held.

6              With respect to a stay, respondents see either: (1) a stay of this court's final

7    judgment pending resolution of their anticipated appeal; or (2) a temporary stay of this court's

8    final judgment pending a request for a stay in the Court of Appeals.  Respondents argue that the

9    balance of equities favors a stay.  In ruling on request for a stay pending appeal, the court

10   considers the likelihood of success on the merits of the appeal, whether the stay will prejudice the

11   parties, and the public interest.  See Hilton v. Braunskill, 481 U.S. 770, 776 (1987).  In this case,

12   the court finds that the prejudice to petitioner outweighs any contravening interests.  As

13   discussed above, but for the denial of due process in June 2006, petitioner would have been

14   released in 2007, even after having served the additional consecutive sentence.  His incarceration

15   since 2007, and continued incarceration, constitutes a substantial injury not outweighed by any

16   inconvenience to respondents in setting a new parole suitability hearing within 45 days of

17   November 1, 2010.  The court also finds that petitioner's improper continued incarceration

18   constitutes a prejudice to petitioner which outweighs the public's interest in, as respondents

19   contend, having "parole suitability determined within the framework of its statutes and

20   regulations. . . ."  Further, respondent has sufficient time to seek a stay of this court's order from

21   the Ninth Circuit because the court ordered that petitioner only shall be released if respondent

22   fails to hold parole suitability hearing, and such a hearing has been scheduled for November 17,

23   2010.

24             Moreover, in light of the complexity of the legal issues involved, the court has

25   determined that the interests of justice require appointment of counsel.  See 18 U.S.C. §

26   3006A(a)(2)(B); see also Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

3

Accordingly, IT IS HEREBY ORDERED that:

1.    Respondents' motion for reconsideration and/or for a stay pending appeal (Doc. 20) is denied.

2.    The Federal Defender is appointed to represent petitioner.

3.    The Clerk of Court is directed to serve a copy of the petition and this order on Carolyn Wiggin, Assistant Federal Defender.

DATED: November 8, 2010.


LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT