UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD LONDON,

        Petitioner,

    v.                               NO. CIV. S-07-1489 LKK/CMK

R. J. SUBIA, et al.,

        Respondents.                   <u>O R D E R</u>

    /

This case concerns a petition for habeas corpus, wherein petitioner challenges the Parole Board's finding of unsuitability. On November 1, 2010, this court granted petitioner's writ of habeas corpus, and ordered that petitioner shall be released if the Parole Board has not held a new parole suitability hearing within forty-five days. On November 8, 2010, the court denied respondent's request for a stay after balancing the interests of the parties. Specifically, it concluded that petitioner's "incarceration since 2007, and continued incarceration, constitutes a substantial injury not outweighed by any inconvenience to respondents in setting a new parole suitability hearing within 45 days of November 1, 2010."

1

Respondent then sought a stay from the Ninth Circuit. On November 16, 2010, the Court of Appeals denied the stay because Respondent "failed to show irreparable harm flowing from the requirement that a new parole suitability hearing be held within 45 days." The court confirmed that, "respondent will not be required to release [petitioner], and that [petitioner's] parole suitability, parole term, and time left to be served on any other conviction will be determined in accordance with California law."

On November 16, 2010, the court issued an order modifying its order granting the writ of habeas corpus upon stipulation of the parties to require the parole suitability hearing to be held within 95 days of the issuance of the November 1, 2010 order. Counsel for the petitioner requested the extension of time so that it could adequately prepare to represent petitioner at the hearing. A new parole hearing is scheduled for Thursday, February 4, 2011.

Under Fed. R. App. P. 8, this court has jurisdiction to stay the grant of relief pending appeal. This court has discretion whether to issue such a stay, guided by consideration of "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." <u>Hilton v. Braunskill</u>, 481 U.S. 770, 776 (1987). The Ninth Circuit conceives this standard as "two interrelated legal tests" operating along a continuum. <u>Lopez v. Heckler</u>, 713 F.2d 1432, 1435 (9th Cir. 1983).

At one end of the continuum, the moving party may succeed if it shows that there is a probability of success on the merits as well as a possibility of irreparable injury. <u>Golden Gate Restaurant Ass'n. v. City and County of San Francisco</u>, 512 F.3d 1112, 1115-16 (9th Cir. 2008). At the other end, the moving party may succeed if it shows that it has raised "serious legal questions" and that "the balance of hardships tips sharply in its favor." <u>Id.</u> at 1116 (quoting <u>Lopez</u>, 713 F.2d at 1435). Finally, the district court must consider the public interest implicated by the grant of the stay; this consideration is distinct from the harm to the parties in the court's grant or denial of a stay. <u>Natural Resource Defense Council, Inc. v. Winter</u>, 502 F.3d 859, 863-64 (9th Cir. 2007).

Having reviewed these factors, the court denies the motion for a stay. Respondent has failed to present any evidence of irreparable injury or that suggests that the balance of the hardships tips sharply in his favor. This court cannot revisit the Ninth Circuit's finding that Respondent failed to show irreparable injury resulting from the holding of a new parole suitability hearing. This hearing has already been scheduled for next week, and the court assumes that the Parole Board has already begun to prepare for the hearing. Thus, Respondent has failed to demonstrate an irreparable harm, and the request for a stay is DENIED.

IT IS SO ORDERED.

DATED: February 1, 2011.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

3